Guidry et al. vs. Garland et als.

---

## No. 1,347.

### ALBERT GUIDRY, PRESIDENT, ET AL. VS. HENRY L. GARLAND ET ALS.

In case a sum is paid during the pending of a suit, and prior to judgment, whereby the amount of plaintiff's claim is reduced to a sum less than $2000, this court has no jurisdiction *ratione materiæ*, and the appeal will be dismissed *ex proprio motu*.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Lewis*, J.

---

*Thos. H. Lewis* for Plaintiffs and Appellees.

---

*Kenneth Baillio* and *Estilette & Dupré* for Defendants and Appellants:

1. Parties sued as sureties are entitled to the benefits of discussion unless they have bound themselves in solido, or renounced the plea of discussion. 8 M. 635, C. C. 3045.
2. Where the court is in doubt as to the true character of the instrument sued on, whether a suretyship or a principal obligation, that interpretation must be given to it which will favor the obligor rather than the obligee. C. C. 1957.

Guidry et al. vs. Garland et als.

3. In a doubtful case the construction put on a contract by the parties furnishes a correct rule of interpretation. C. C. 1956.
4. Plaintiff cannot gainsay the allegations of his petition, or seek to give a different character to the contract from that stated in his pleadings. State decisis.
5. Suretyship is an accessory contract and can only exist to secure a pre-existing debt. C. C. 3035.
6. If there be no debt, there can be no suretyship. Pothier, Oblig., Tome 1, p. 369; Marcadé, vol. 4, p. 338, No. 392.
7. A principal obligation is independent of any other.
8. The *pactum constitucæ pecuniæ* by which a person binds himself to pay at a fixed time to a creditor what is due from him by himself or by another, like suretyship presupposes the pre-existence of a debt, as an indispensable condition, and error as to the existence of the debt makes it null. Pothier on Obl., vol. 1, p. 367, No. 6.
9. The *pactum constitutæ pecuniæ* as well as suretyship cannot exist under more onerous conditions than those of the principal debt. C. C. 3037; Pothier, Obl., vol. 1, p. 374.
10. Defendant sureties need not plead division when they are sued jointly. C. C. 3045; 8 M. 635.
11. Solidarity is never presumed. C. C. 2093.
12. An obligation does not become legally binding until accepted by the creditor. 2 N. S. 245; 2 R. 1; 5 R. 91; 1 L. 190; C. C. 1800, 1805.
13. Error as to the motive or principal cause of a contract avoids it. C. C. 1881, 1882.
14. A contract, without consideration, produces no effect. C. C. 1893.
15. Sureties can avail themselves of the nullity of the principal obligation as a means of defense. C. C. 3036; 14 L. 180; 2 Ann. 150; 7 Ann. 750.
16. Article 209 of the Constitution of 1879 provides for the levy by municipalities of special taxes for public improvements not only in municipalities, but belonging to municipalities. Ownership of such improvements is essential.
17. Police juries are bound to provide suitable courthouses for their respective parishes. R. S. 2746.

———

The opinion of the Court was delivered by

WATKINS, J. This suit is brought for the enforcement of the following contract, viz:

"OPELOUSAS, May 1st, 1886.

"The town of Opelousas having levied upon the property taxpayers of the town a special tax of two and a half per cent to aid in rebuilding the courthouse, which tax is expected to realize the sum of eight thousand dollars, the undersigned bind and obligate themselves that said sum of eight thousand dollars shall be realized for said purpose, and shall be on hand subject to the order of the police jury for said purpose upon completion of the courthouse."

The amount for which judgment was demanded in the plaintiffs' petition is $2616 15, but the judge *a quo* states in his reasons for judgment "that it appears from the evidence that several amounts have been paid over to the parish treasurer by the authorities of the town of Opelousas, *since the institution of this suit* for which credit is to be given to the defendants, upon the claim made upon them, as sued upon." He there-

upon proceeded to render judgment against the defendants for the sum of $1710 46.

It is from this judgment that the defendants have appealed. In this court the plaintiffs and appellees have filed no answer to the defendants' appeal, but their counsel admit the correctness of the judgment as rendered.

From this statement it readily appears that this court is without jurisdiction *ratione materiæ*, because, at the moment of time when the judge *a quo* rendered judgment the amount of plaintiffs' demand was less than $2000, and no valid decree could have been rendered by him for more; and the amount of plaintiffs' demand had been thus reduced by partial payments made by the defendant, or others for him, *pendente lite*. Neither of the litigants has suggested, either orally or in writing, our lack of jurisdiction, but where the want of it is so palpable we feel constrained to suggest it *proprio motu*.

In Stubbs vs. McGuire, sheriff, 33 Ann. 1089, it was held that we had no jurisdiction in such a case, saying:

"Plaintiff acknowledges an indebtedness of $600, and no more, on the mortgage and judgment assumed by her under the effect of the alleged agreement, between his vendors and their creditor, Miss Hempkin.

"Defendant denies the existence of such an agreement, and contends that her claim amounts to $964.

"It, therefore, follows that the amount in dispute is the difference between the indebtedness judicially acknowledged and admitted by plaintiff, and the amount claimed by the defendant, in other words, $364."

Denegre vs. Moran, 35 Ann. 346, is to the same effect.

In the instant case the difference between the amount claimed and the amount for which judgment had been rendered, was actually *paid* prior to judgment, and no decree could have been rendered for more.

It is, therefore, ordered and decreed that this appeal be dismissed at appellants' cost.