Statement of the Case — On Motion to Dismiss.
NIGHOLLS, J.
The plaintiff has moved to dismiss this appeal on the ground of want of jurisdiction ratio'ne materite.
Plaintiff filed suit against Bobert J. Maloney and the American Bonding Company of Baltimore, surety on his official bond as notary public, praying for judgment against them in solido for the sum of $2,511, with interest' and costs.
On April 8, 1909, a judgment for the full amount was rendered against Maloney on default.
On April 15, 1909, the American Bonding Company answered. After pleading the general issue, it admitted that Bobert J. Maloney had been appointed a notary public and gave bond as such, and that it was his surety on said bond. It denied that Maloney had rendered himself liable on said bond, or that it was itself liable therein.
The ease was tried on December 15, 1909. On the trial of the case, as against the bonding company, and before judgment, plaintiff’s attorney made the following admission, which appears in the note of evidence:
“It is my duty to state to the court that, under a garnishment against Farentelli, 1 collected $1,250 on the 20th of April, 1909. I am not entitled to judgment for the full amount, as I got $1,250 from Farentelli under a garnishment and under a fieri facias issued against Bobert J. Maloney.”
Judgment was rendered on the 24th December, 1909 (signed on the 6th of January, 1910), against the American Bonding Company, on the bond, for the full amount claimed, subject to a credit of $1,250 of date April 20, 1909.
The amount so credited was received by the plaintiff from one Farentelli under a garnishment and fieri facias issued against Bobert J. Maloney. Appellee urges that when the case was submitted, and at the time of the judgment being rendered, the amount in dispute was less than $2,000. Appellant contends that the defense of the American Bonding Company as disclosed by the pleadings was a denial of liability under the terms of the ;bond for any part of- the debt claimed by the plaintiff.
It maintains that there is a distinction to be made between the amount in dispute and the remainder due under a judgment.
Counsel say:
That “they have no fault to find with the authorities which hold that, where the amount in dispute at the time of judgment was actually less than the jurisdictional limit of the Supreme Court, the motion to dismiss on that ground shall be sustained. That in all of those cases an examination of the record would show that either by the pleadings or by the confessions and admissions made during the litigation the amount claimed by the plaintiff and denied as due by the defendant was a sum less than the jurisdictional limit of the Supreme Court. That in no case had this court held that a defendant, denying all liability when sued for an amount which would enable him to appeal to the Supreme Court, would be deprived of his right to appeal here. That the distinction is clear. That it is one thing for the court to hold that a delendant is not; and was not at the time of the institution of the suit, liable for any portion of the amount claimed by plaintiff, and quite another thing for the court to hold that the defendant was liable at the time the suit was instituted for the whole amount claimed, but is entitled for whatever reason to a credit on the judgment. The right of a defendant to a correct judgment is as much his right as the right of property. That it would be evading the question in the instant case to say that, -because the pecuniary result is the same, it is equally proper for a court to decide liability extinguished by payment as for the court to decide there was no liability.
“That in this ease it is shown that Maloney might truly have been indebted to the plaintiff for the full sum claimed, and a proper judgment rendered against him for that sum, and money collected from some person indebted to Maloney could be and might have been correct *807 ly applied to tlie judgment against Maloney, and yet, notwithstanding those facts, it may be equally true that the defendant under the terms of the bond was not at the time of the institution of the suit, and is not now, indebted to the plaintiff for a single cent.
“Defendant is entitled to a judgment decree-, ing its nonliability under the terms of the’ bond.
“If the American Bonding Company had admitted its liability to the extent of $1,250, and had paid the same to the plaintiff in this case, and the plaintiff had accepted it, the case would then have been governed by Guidry et al. v. Garland et al., and other cases in point.
“In view of the fact that at the time judgment was rendered the amount in dispute between the plaintiff and this defendant exceeded $2,000, we are entitled to have the question of our liability passed upon by this tribunal, and while we recognize that the surety can be made to pay no greater sum than the amount due by his principal, and that our liability in any event cannot now exceed the amount for which we were cast by the district court, less the credit given, yet we insist that a judgment so finding is not the judgment we are entitled to, and that it is our legal right to have this court say whether we are liable at all under the notarial bond sued on.”
Opinion.
Before judgment was entered against appellant the amount due to the plaintiff on the demand against the principal debtor had been reduced by partial payment through garnishment proceedings against him to an amount below $2,000, as recognized and admitted ^judicially by the plaintiff, in consequence of which the judgment which was rendered against the appellant as surety of Maloney was for the amount to which the demand due had been reduced. Under the circumstances judgment could not have been rendered for more against the surety. The only amount demandable of him was for the reduced amount. Had the plaintiff, just before judgment was rendered against the appellant, entered a remittitur, leaving as the amount demandable by him from the surety company the amount for which he subsequently obtained judgment against it, the latter could have had no reason to complain, for the company had filed no reconventional demand against plaintiff. Its only interest and object was to be released from the demand made against it.
The only issue between itself and the plaintiff was the sum of $1,201.
Its defense on that issue was fully open, and was in no manner prejudiced.
We are of the opinion that we have no appellate jurisdiction. It is therefore ordered that the appeal be dismissed. It is, however, ordered' that this case be transferred to the Court of Appeal for the parish of Orleans, to be there proceeded with according to law, provided that, before this decree becomes final, the appellant or its attorney of record make oath that the appeal herein was not made for delay, under the provisions of Act No. 50 of 1904. It is further ordered that the appellant pay all costs in this case.