3 So.2d 114

STATE v. COOK et al.

No. 34481.

May 26, 1941.

Warren Hunt, of Rayville, for appellants.

Eugene Stanley, Atty. Gen., E. Leland Richardson and Cicero C. Sessions, Sp. Assts. Atty. Gen., and A. Leon Hebert, Jr., of Baton Rouge, for appellee.

O'NIELL, Chief Justice.

The collector of revenue brought this suit to collect gasoline taxes amounting to $31.80, including interest and penalties, and to have a motortruck and trailer condemned and forfeited to the State for violation of the tax statute, Act No. 6 of the Extra Session of 1928 as amended by Act

No. 16 of 1932 and Act No. 87 of 1936. The parties who were sued were R. T. Cook, who drove the truck and delivered the gasoline, O. B. Hammett, who was alleged to be the owner of the truck and gasoline, and Melton Nichols, who was alleged to be the proprietor of the filling station to which the gasoline was delivered. The collector of revenue levied a seizure on the truck and trailer and on the gasoline (alleged to be 440 gallons) that was delivered into Nichols' storage tank, and on the gasoline (alleged to be 28 gallons) that was left in the tank on the truck. The collector prayed for a judgment against Nichols for $29.51 for taxes, interest and penalties, and for a judgment against Cook and Hammett for $2.29 for taxes, interest and penalties. But a few days after the seizure was levied, and before the defendants answered or pleaded to the suit, they paid the collector's claim for taxes, with interest and penalties, all of which, as claimed and collected, amounted to $39.99. In receipting for the amount the collector stipulated that he reserved the right to proceed with the suit to have the truck and trailer condemned and forfeited to the State; and on the trial of the case the collector admitted that the defendants on paying the $39.99 insisted that no taxes were owed on the gasoline when it was delivered, and that the payment of the $39.99 was made under protest; and the collector admitted that the defendants were compelled to pay the $39.99 in order that Nichols might resume business operations at his filling station. The payment of the $39.99 relieved Nichols of any and all liability or further interest in the suit, and had the effect of discharging him as one of the defendants; hence he made no appearance in the suit. The only matter then remaining in contest was the demand of the collector of revenue to have the truck and trailer forfeited to the State as a penalty for the alleged violation of the tax statute. The collector was proceeding by summary process, as allowed by the statute; hence the defendants, Cook and Hammett, were obliged to file all of their pleas and exceptions on the return day of the rule to show cause. They excepted to the method of citation; and, being nonresidents of the parish in which the proceeding was had, they excepted to the jurisdiction of the court, ratione personae. They pleaded also that the collector of revenue did not disclose a cause or right of action, and that the provisions of the statute, providing for the condemnation and forfeiture of a truck or other vehicle used in the transportation of motor fuel in violation of the statute, were unconstitutional for various reasons set forth in the defendants' plea. In answer to the rule the defendants averred that all taxes on the gasoline delivered to Nichols or remaining in the tank on the truck were paid or secured by the posting of a bond by the producer of the gasoline, as permitted by the statute. On the same day on which these pleadings were filed by the defendants, an intervention was filed by a corporation styled O. K. Transportation Company, claiming ownership of the truck and trailer. The intervener urged the same pleas and defenses that were made by the defendants, Cook and Hammett. They admitted that the truck and

trailer were the property of the O. K. Transportation Company, and alleged that Cook was employed by the O. K. Transportation Company and was serving as an employee of the company in delivering to Nichols the gasoline which was sent to him by Hammett, or by a corporation styled Economy Oil Company, of which Hammett was president and manager. This contest, therefore, when it came to trial, was merely a contest between the collector of revenue and the O. K. Transportation Company; and the only matter in contest was the right claimed by the collector to have the truck and trailer forfeited to the State. It is provided in Sections 7-A, 7-B and 7-C of Act No. 6 of 1928, Ex.Sess. as amended by Act No. 16 of 1932, and by Sections 7(b), 7(c), and 7(d) of Act No. 87 of 1936, that any motor vehicle, boat or other means of transportation "caught or detected" transporting motor fuel on which a tax is levied and is not paid and not secured by the posting of a bond may be seized forthwith and by summary proceeding forfeited to the State as a penalty for violation of the statute. The collector of revenue contended that Sections 7-E and 7-F of the act of 1928 as amended, and Sections 7(f) and 7 (g) of the act of 1936, respectively, permitted the seizure and forfeiture of a motor vehicle for transporting and delivering motor fuel between the hours of 9 o'clock p. m. and 5 o'clock a. m., or for a failure of the driver to have in his possession a permit from the collector of revenue (now the director of revenue) showing that all taxes on the motor fuel were paid or secured by the posting of a bond, or for his failure to have in his possession an invoice or bill of sale for the motor fuel, or to have record evidence of the name and address of the party from whom he received the motor fuel, and of the party to whom he was going to deliver it.

The judge overruled the defendants' exceptions, and after hearing the case on its merits held that the statute was not unconstitutional, and ordered the truck and trailer forfeited to the State for violation of the statute. The judgment does not specify the offense for which the penalty of forfeiture was imposed. There is evidence tending to prove that the taxes on the gasoline were secured by the posting of a bond by the Grogan Oil Company, from whom the gasoline was bought, and that the taxes were paid promptly. The defendants and the intervener have appealed from the decision. Counsel for the appellee says that the record does not show that an order of appeal was granted to the intervener, but it is conceded that the order was granted.

It is obvious from the statement of the case that this appeal belongs not in this court but in the Court of Appeal, unless the value of the truck and trailer, which were the only things remaining in contest when the case was submitted to the district court for decision, exceeded $2,000. According to the third paragraph of Section 10 of Article VII of the Constitution, the appellate jurisdiction of this court, in civil cases, is limited to cases where the amount in dispute or the fund to be distributed exceeds $2,000 exclusive of interest. There are some exceptions to that limitation, but none of the exceptions is ap-

plicable to this case. There was no allegation made nor evidence offered to show the value of the truck and trailer at the time when or before the judgment was rendered. Soon afterwards the parties to the suit entered into an agreement that the sheriff should sell the truck and trailer at public auction and retain the proceeds of the sale, in lieu of the truck and trailer. The purpose of the agreement was to avoid loss by deterioration of the vehicles, because there was no provision in the statute for bonding them during the pendency of the suit. The agreement was carried out and resulted in a sale of the vehicles to the O. K. Transportation Company, being the last and highest bidder, for $1,201. The sheriff is holding this amount to abide the determination of the suit. The $1,201 therefore is all that the State can gain; and it is all that the O. K. Transportation Company stands to lose, because, if the truck and trailer were worth more than the transportation company bid for them, the company got the benefit of the excess in value. The fact that the sale was made after the judgment was rendered is not important in this case because, as we have said, there was no allegation made nor evidence offered to show the value of the truck and trailer; hence the fact that the vehicles were sold for only $1,201, at public offering, soon after the judgment was rendered, must be deemed sufficient proof that the vehicles were not worth $2,000 when the judgment was rendered. In determining whether this court has appellate jurisdiction because of the amount in dispute, or because of the value of the thing in dispute, or because of the subject matter of the suit, in a given case, the record must show affirmatively that the court has appellate jurisdiction; otherwise the appeal must be dismissed or transferred to the Court of Appeal. Nick v. Bensberg, 123 La. 351, 48 So. 986; Succession of Lynch, 124 La. 127, 49 So. 1002; Weis v. New Orleans Board of Trade, 125 La. 1010, 52 So. 130. According to Section 29 of Article VII of the Constitution the Courts of Appeal have appellate jurisdiction over all civil cases of which the District Courts have exclusive original jurisdiction and of which the Supreme Court is not given appellate jurisdiction.

It is probable that the reason why the judge ordered this appeal returnable to this court is that the judge and the appellants thought that the case came within one of the exceptions stated in the fifth paragraph of Section 10 of Article VII of the Constitution,—being exceptions to the general rule that this court has appellate jurisdiction in civil cases only when the amount in dispute or fund to be distributed exceeds $2,000. The first of these exceptions, stated in the fifth paragraph of section 10, is that the court has appellate jurisdiction in all cases in which the constitutionality or legality of a tax, toll or impost is contested. That exception is not applicable here because the contest over the taxes claimed by the collector of revenue was eliminated by the payment of the taxes before the case was submitted to the district court for decision; in fact, the taxes were paid before any plea was made in response to the suit. It is the subject matter that is in contest

before and at the time when the judgment is rendered in the court of original jurisdiction that determines what court if any has appellate jurisdiction in a given case. A remittitur or an acquiescence or admission made after the court of original jurisdiction has rendered its judgment, or the elimination of one of the issues in the case after the court of original jurisdiction has rendered its judgment, does not affect the question of appellate jurisdiction over the case. Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25. But a payment made or a remittitur entered, or an admission of a part of the debt sued for, before the case is submitted to the court of original jurisdiction for decision, has the same effect upon the question of appellate jurisdiction as if the amount paid or remitted, or the amount of the debt admitted, had never been sued for. State ex rel. Western Union Telegraph Co. v. Judge, 21 La.Ann. 728; Zacharie v. Lyons, 22 La. Ann. 618; Girardey v. City of New Orleans, 26 La.Ann. 291; Stubbs v. McGuire, 33 La.Ann. 1089; Denegre v. Moran, 35 La.Ann. 346; Guidry v. Garland, 41 La. Ann. 756, 6 So. 563; State ex rel. Boyet v. Boone, Judge, 42 La.Ann. 982, 8 So. 468; State ex rel. Beauvais v. Judges, 48 La. Ann. 672, 19 So. 617; Kaufman v. Sheriff, 107 La. 144, 31 So. 626; State ex rel. Taylor v. Judges, 107· La. 784, 32 So. 186; Begg v. Maloney, 125 La. 804, 51 So. 905; Borde v. Lazarus, Michel & Lazarus, 127 La. 122, 53 So. 465; In re Petit & Boh Co., 128 La. 163, 54 So. 705; Wolf v. Thomas, 137 La. 833, 69 So. 269; Crawford, Jenkins & Booth v. Fisher, 144 La. 129, 80 So. 224;

Crowell & Spencer Lumber Co. v. Lynch, 157 La. 21, 101 So. 797; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583; A. Baldwin & Co. v. McCain, 159 La. 966, 106 So. 459; City of New Orleans v. New Orleans C. & B. Towboat Co., 168 La. 1093, 123 So. 724; Steeg Printing & Publishing Co. v. Auto Lec Stores, 172 La. 565, 134 So. 746; Chickasaw Wood Products Co. v. Vail-Donaldson Co., 173 La. 59, 136 So. 87; Givens v. Yazoo & M. V. Railroad Co., 173 La. 372, 137 So. 66; Hanover Fire Insurance Co. v. Southern Amusement Co., 176 La. 631, 146 So. 316; H. A. Bauman, Inc., v. Tilly, 188 La. 531, 177 So. 657. Accordingly, if any issue or contest which is essential to give the Supreme Court appellate jurisdiction over the case in which the issue or contest was presented is eliminated before the case is submitted to the court of original jurisdiction for decision, the Supreme Court will not· have appellate jurisdiction over the case.

■ The next exception mentioned in the fifth paragraph of this section in the Constitution,—to the general rule that the Supreme Court has not jurisdiction in a case where the amount in dispute does not exceed $2,000,—is that this court has jurisdiction in any case where the constitutionality or legality of a fine, forfeiture or penalty imposed by a parish or municipality or a board or subdivision of the State is in contest. The forfeiture claimed in this case is one which—if imposed at all—is imposed by the State, and not by a parish or municipality or board or subdivision of the State. The case therefore does not

come within that exception in the fifth paragraph of Section 10 of Article VII of the Constitution.

The next exception mentioned in this paragraph is that the court shall have appellate jurisdiction in all cases where an ordinance of a parish or of a municipal corporation or of a board or subdivision of the State, or a law of the State, has been declared unconstitutional. This case is not within that exception because the law on which the suit was founded was not declared unconstitutional; it was declared constitutional. The question of constitutionality of the law in this case is subject to review by the Court of Appeal, and may be brought thence to the Supreme Court on a writ of certiorari or review; but the question cannot be brought to this court directly by appeal from the judgment of the district court.

There was no motion made to dismiss this appeal or to transfer it to the Court of Appeal; but whenever the record in a case discloses that it is appealable not to this court but to the Court of Appeal it is the duty of the court on its own motion to transfer the case to the Court of Appeal.

This case is ordered transferred to the Court of Appeal for the Second Circuit, provided that the record shall be filed in that court within thirty days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. The appellants are to pay the costs of this appeal to the Supreme Court; all other costs shall abide the final disposition of the case.