93 So.2d 910

PLAQUEMINES PARISH SCHOOL BOARD

v.

LA GRANGE REALTY, Inc. and Miss Irene Shields,

and

Miss Lareine Hill (Consolidated).

No. 42880.

Feb. 25, 1957.

John R. Perez, Jr., Terriberry, Young, Rault & Carroll, Harold J. Zeringer, New Orleans, for defendants-appellants.

L. H. Perez, Dist. Atty., Rudolph M. McBride, 1st Asst. Dist. Atty., New Orleans, and ex-officio attorneys, for plaintiff-appellee.

SIMON, Justice.

The Plaquemines Parish School Board instituted two suits in the Twenty-Fifth Judicial District Court, Parish of Plaquemines, to expropriate two squares of ground for public school purposes. Suit No. 3497 of the docket of said court was brought against La Grange Realty, Inc. and Miss Irene Shields, owners of Square No. 14, containing 1.859 acres; and suit No. 3498 was instituted against Miss Lareine Hill, owner of Square No. 13, containing 2.052 acres, both squares located in the Townsite of Belle Chasse of said Parish.

Plaintiff alleged that a fair and reasonable price for square 14 is the sum of $651, and for square 13, the sum of $719.

Answering these suits, defendants denied plaintiff's need for the property sought to be expropriated; nevertheless, at the beginning of the trial, it was stipulated that the said property was needed for school purposes and that plaintiff had a right to expropriate same, and that the only question for adjudication was the price or value of the subject property. The defendants claimed that each of said squares was worth at least $5,000.

Both suits were consolidated for trial in the lower court, but two separate judgments were rendered. In each suit the lower court rendered judgment adjudging plaintiff's ownership of the subject property by virtue of the expropriation proceedings, with reservation to the respective defendants of all oil, gas and other mineral rights in their respective properties, and awarding to each defendant the sum of $1,000. Defendants have appealed.

In its brief plaintiff questions our appellate jurisdiction in this matter, contending that the amount in dispute is less than the sum of $2,000.

█ In determining whether this court has appellate jurisdiction because of the amount in dispute, or because of the value of the thing in dispute, or because of the subject matter of the suit, in a given case, the record must show affirmatively that the court has appellate jurisdiction; otherwise the appeal must be dismissed or transferred to the proper court of appeal. State v. Cook, 197 La. 1027, 3 So.2d 114, 116; City of New Orleans v. Langenstein, 227 La. 770, 80 So.2d 402.

█ Further, in determining the question of jurisdiction this court is not bound to accept the allegations of the petition or the averments of the answer but will inquire into the record to ascertain the real

amount in dispute. Allegations of jurisdictional facts are not the exclusive test of jurisdiction. Wilkins v. Gantt, 32 La.Ann. 929; Lea v. Orleans, 46 La.Ann. 1444, 16 So. 456; Spearing v. Whitney Bank, 129 La. 607, 56 So. 548; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817.

See also the case of Homer Harris v. Barron, 231 La. 1076, 93 So.2d 663.

Though we conclude that this record does not affirmatively show the value in dispute to be in excess of $2,000 so as to vest appellate jurisdiction in this Court and therefore are constrained to transfer the case to the court of appeal, we do not intend to imply or suggest that the valuation of the property to be fixed by the court of appeal as compensation therefor may not, after due consideration of the merits, exceed the sum of $2,000.

All we conclude herein is that the record as presented to us is barren of any affirmative proof as to the value in dispute as to the property here involved which would authorize us to retain jurisdiction.

As above noted this proceeding involved two separate suits against separate defendants in which there exists no privity of interest. Though the two suits were consolidated in the trial court for purposes of trial, separate judgments were rendered; and on reaching us on appeal through inadvertence one docket number was assigned to both cases. These circumstances therefore compel us to render two separate decrees though appearing under one docket number.

Accordingly, for the reasons assigned, it is ordered that the appeal in the matter of Plaquemines Parish School Board v. La Grange Realty, Inc. and Miss Irene Shields, No. 3497 of the docket of the Twenty-Fifth Judicial Court, Parish of Plaquemines, be transferred to the Court of Appeal, Parish of Orleans, pursuant to the provisions of LSA–R.S. 13:4441 and LSA–R.S. 13:4442, the record to be filed in such court by appellants within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. All costs of the appeal to this court shall be paid by appellants; all other costs await final disposition of the cause.

It is further ordered that the appeal in the matter of Plaquemines Parish School Board v. Miss Lareine Hill, No. 3498 of the docket of the Twenty-Fifth Judicial District Court, Parish of Plaquemines, be transferred to the Court of Appeal, Parish of Orleans, pursuant to the provisions of LSA–R.S. 13:4441 and LSA–R.S. 13:4442, the record to be filed in such court by appellants within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. All costs of the appeal to this court shall be paid by appellant; all other costs await final disposition of the cause.