LOUIS H. YARRUT, Judge ad hoc.
These two cases were consolidated for trial and appeal, with separate judgments to be rendered in each case. Judgments were rendered in favor of plaintiff and against the respective defendants expropriating defendants’ squares at a valuation of $1,000 each. Defendants appealed to the Supreme Court which transferred it here because the conclusion was reached by that Court “that the record as presented to us is barren of any affirmative proof as to the value in dispute as to the property here involved which would authorize us to retain jurisdiction.” 232 La. 81, 93 So.2d 910, 911.
The Plaquemines Parish School Board, because of inadequate school facilities for children of elementary and secondary school age in the Belle Chasse area, entered upon a project to build additional school buildings and other school facilities, including a high school, cafeteria, school auditorium and gymnasium, junior athletic field and other recreational facilities.
The property sought to be expropriated is designated as Squares 13 and 14, immediately in the rear of the Belle Chasse High School, located on Louisiana State Highway No. 31, in Plaquemines Parish, and is built on Square IS, in what is known as the Old Belle Chasse Plantation. Square 14 is owned by defendant, LaGrange Realty, Inc., and is immediately in the rear of the high school, and is bounded by First and Second Streets, and Avenues D and C, measuring 270 feet each on Avenues D and C, and 300 feet, respectively, on First and Second Streets. Square 13 is owned by defendant, Miss Lareine Hill, and is immediately in the rear of Square 14, bounded by Second and Third Streets and Avenues D and C, and measures approximately the same as Square 14. Squares 13 and 14 are separated from Squares 11 and 12, by Avenue C. Squares 11 and 12 were acquired in 1938 by the Police Jury, and are presently used for baseball, football and for other recreational purposes by the Belle Chasse High School.
The uncontradicted testimony is that there is a large and rather deep drainage canal along Avenue D which separates Squares 13 and 14 from Squares 11 and 12, and a smaller drainage canal along Third Street on the rear boundary of Square 13. *636 That this property must be classified as residential cannot be disputed, since it is adjacent to an existing schoolhouse and a developed residential subdivision. There is no better loadstone to attract residents than a schoolhouse.
The law is well settled that, in expropriation matters, the test is market value. Market value is the fair value between one who wants to purchase and one who wants to sell, under ordinary and usual circumstances, plus the damage caused by the separation of that taken from what remains. Separation damage is not in issue here, merely the value of the two squares sought to be taken. American Tel. & Tel. Co. v. East End Realty Co., Inc., 223 La. 532, 66 So.2d 327; Koerber v. City of New Orleans, La., 100 So.2d 461; Plaquemines Parish School Board v. Miller, 222 La. 584, 63 So.2d 6; Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1.
With reference to the value of these two squares, the testimony of the School Board is that it will cost some $15,000 to close the canals alongside the squares to make them more accessible, plus the cost of installation of drainage and other utilities.
The Assessor of Plaquemines Parish testified that these squares were assessed on the basis of $100 per acre, and Square No. 14 was acquired in 1947 by LaGrange Realty, Inc., at a tax sale for a nominal price, say $15.
A witness for plaintiff, Mr. L. M. Tinsley, Principal of the Belle Chasse High School, testified that, in 1952, he purchased twenty-six unimproved lots in the Vogt Subdivision (adjacent to the squares here) for $7,079; that he spent practically $2,000 making improvements for residential development; that, from May, 1952, to August, 1954 (the latter date being nine days prior to the trial in question), he sold 13, or one-half, of the lots for $10,220. Allowing $1,000 for the cost of improving them, he in effect obtained about $750 for each of the 13 lots.
Mr. William A. Adams, another witness-for plaintiff, testified that lots in Belle Chasse Townsite are sold by the lot and not by the acre; that in 1953 he sold a lot measuring 100 by 1621^ feet, located about 1,000 feet from the Belle Chasse High School, for $2,000 to the Plaquemines Parish Police Jury. .
Defendants’ witness, Cliff Probst, realtor and auctioneer, testified that he sold Square-22 in the Townsite of Belle Chasse, diagonally across from Square 14 for $2,600.
In the case of American Tel. & Tel. Co. v. East End Realty Co., Inc., 223 La. 532, 66 So.2d 327, supra, our Supreme Court allowed two cents per square foot for a mere servitude or right of way for an underground coaxial cable. The property was-located in lower Orleans Parish and) traversed the highway which, at that time,, was-through prairie land.
The squares involved here each have a total square footage, more or less, of 90,000 square feet. At two cents per square foot for a servitude only, the value would: be-$1,800 for each square. Certainly the- fee> being greater that the servitude, would be worth more.
That the School Board or the Police Jury would be required to close the canal to> make these squares more accessible and safe for school children does reduce the market value, but certainly not to the- extent that the fee would have less value than) a servitude, taking the American Tel. & Tel. Company case, supra, as a criterion.. Except for the canals, the squares would be-worth considerably more, but because of the depreciation in value due to the partial inaccessibility caused by the drainage canals, the least value of these squares-cannot be fixed at less than $2,000 each.
The stability of the value of these two-squares is buttressed by the New Mississippi River Bridge connecting the east and west banks, and a Fifty-Million Dollar United States Air Base and a tunnel below *637 the Intracoastal Canal, all of which will make the area involved more accessible.
There is testimony that an airfield is considered by some to be detrimental to a high-class residential section, but it cannot be denied that over-all these three improvements have stabilized the values in that vicinity.
Sales made in the Belle Chasse area of higher value than offered by the School Board show that those properties were either more accessible, or had been subdivided after extensive improvements, including sewerage, extension of water lines and other utilities, which the two squares involved here lack.
Under the circumstances and from all the evidence, it appears that the fair market value of each square should be fixed at $2,000, so the award in each case will be increased to $2,000.
Accordingly, the judgments appealed from are amended by increasing the award of each square from $1,000 to $2,000, and as thus amended and in all other respects the judgments are affirmed.
Amended and affirmed.