LOUIS H. YARRUT, Judge ad hoc.
Plaintiff-appellee appealed to the Civil District Court for the Parish of Orleans (LSA-R.S. 26:102) to review an order of the La. Board of Tax Appeals revoking his City 1958 Beer permit, and denying him the right to use the premises No. 206 Bourbon Street as a “retail beverage outlet in contravention of the Comprehensive Zoning Ordinance of the City of New Orleans,” coupled with a prayer that the City be enjoined from interfering with the operation of the business at 206 Bourbon Street.
The City answered that plaintiff was violating its zoning laws by expanding his bar into an area of the building (No. 206 Bourbon Street) which had lost its commercial identity and could no longer be used legally as a retail liquor outlet, and that plaintiff’s state and city liquor permits should be revoked as long as he continued to use the questioned premises.
The lower Court nullified the holding of the Board of Tax Appeals and issued a preliminary injunction against the City.
The City is now prosecuting this appeal which plaintiff-appellee moves to dismiss or, in the alternative, that it be transferred to the Supreme Court since the issue involved is a “forfeiture” of a municipal liquor license, of which the Supreme Court has exclusive jurisdiction under La.Constitution, Art. 7, sec. 10, par. 5, LSA, reading in part as follows: “It shall have appellate jurisdiction in all cases * * * where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof, * *
The forfeiture involved here is due to a violation of the Comprehensive Zoning Ordinance of the City and does not involve a violation of a state statute. State v. Cook, 197 La. 1027, 3 So.2d 114, and State v. Cook, La.App., 13 So.2d 473. Therefore, the motion to dismiss the appeal must be denied, but the case will be transferred to the Supreme Court.
Accordingly, it is ordered that this case he transferred to the Supreme Court of Louisiana, the transfer to be made within 60 days after this decree has become final; otherwise, the appeal is to be dismissed.
Motion denied.
Appeal transferred to Supreme Court.
JANVIER, J., absent.