LOUIS H. YARRUT, Judge ad hoc.
This is a mandamus proceeding by plaintiff-appellee against the Collector of Revenue' for the City of New Orleans and its *74 Chief Administrative Officer, to compel the renewal for 1959 of his 1958 alcoholic beverage permit issued under the authority of the State’s Alcohol Beverage Act, LSA-R. S. 26:1 et seq. We transferred to the Supreme Court today companion case No. 21362, Spinato v. City of New Orleans, 113 So.2d 71 because it involves a “forfeiture”, which is within the sole jurisdiction of that Court. La.Const.1921, Art. 7 Sec. 10, LSA. ...
At first blush, the issue here would seem to be identical, so we must first consider whether a denial by the City of a “renewal” permit is a “forfeiture.” If so, this appeal would likewise have to be transferred to the Supreme Court. However, we conclude that the refusal to renew an expired permit is not a “forfeiture” of the former, within the purview of the cited constitutional provision, so this Court has and must retain jurisdiction.
On the merits, the record in this case discloses the following: On October 29, 1958, plaintiff-appellee applied for a 1959 City liquor permit for his El Morocco Bar, which included the premises (206 Bourbon Street) attached to his original establishment at 20Ó Bourbon Street, for which latter address only he had obtained his 1958 permit. On January 14, 1959, plaintiff-ap-pellee received a letter from the City, dated December 19, 1958, declining the permit. He requested, and was given, an administrative hearing by David R. McGuire, Jr., Chief Administrative Officer. On February 3, 1959, Mr. McGuire affirmed the decision of the Collector of Revenue for the City, denying the 1959 City liquor permit.
Plaintiff-appellee, having been informed that the City would take steps to close his establishment for not having a 1959 license, on February 5, 1959, filed an injunction and mandamus suit, based upon LSA-R.S. 26 :- 283, subd. A, against the City, requesting the City be enjoined from closing his place of business, and that the City be ordered to issue him a 1959 license. Upon the trial a qua, plaintiff-appellee elected to proceed for the mandamus only. On March 16, 1959, judgment was rendered maintaining his position, and ordering the City to issue a 1959 liquor permit. From that judgment the City has taken this suspensive appeal.
Since the record in case No. 21,362 113 So.2d 71 (now transferred to the Supreme Court) was offered in evidence in the lower Court, the facts disclosed therein are pertinent here, as follows :
In 1958 the City petitioned the Board of Tax Appeals to revoke plaintiff-appellee’s 1958 City liquor permit upon the charge that a portion of his premises (206 Bourbon Street) was dispensing alcoholic beverages in violation of the City’s Comprehensive Zoning Ordinance, Art. XVIII, Sec. 2, Vieux Carre Commercial District Regulations, the pertinent portion reading:
“Subject to special permit issued by the Vieux Carre Commission for any change in use as hereinbefore provided, a building or land may be used for any purpose except the following:
% >}í >¡C sjí i{í £
“14. Night Club or barroom.”
Plaintiff-appellee’s “El Morocco” night club is located in the 200 block of Bourbon Street and is within the “H-2 Vieux Carre District.”
The portion of the “El Morocco” night club presently in dispute, as violating the zoning law, was used as a gift shop as of July 3, 1953, the date of the enactment of the City’s Comprehensive Zoning Ordinance No. 18,565 C.C.S. Therefore, such disputed portion is illegally being used as a part of the night club and bar. That portion of “El Morocco”, designated as 200 Bourbon Street, while utilized as a bar and night club prior to July 3, 1953, became nonconforming under the ordinance, but such non-conforming use of 200 Bourbon Street could not be extended to 206 Bourbon Street.
Paragraphs 2 and 3 of Art. XXIV, City's Comprehensive Zoning Ordinance, governs non-conforming use.
*75 The Board of Tax Appeals on December 3, 1958, determined that the use of the premises No. 206 Bourbon Street was in violation of the City’s Comprehensive Zoning Ordinance, from which ruling plaintiff-appellee appealed to the Civil District Court. On March 3, 1959, the District Court decreed that the ruling of the Board of Tax Appeals was illegal, and issued a preliminary injunction. From this judgment the City took a suspensive appeal (No. 21,362) to this Court, now transferred to the Supreme Court.
Following the rendition of the judgment in the aforesaid cases, the City sought to close plaintiff’s place of business pending suspensive appeals. On April 16, 1959, the Civil District Court issued a temporary restraining order against the City. The City applied to the Supreme Court for writs of mandamus, certiorari and prohibition, which were denied, and plaintiff-appellee has continued to operate his business under the protection of that restraining order.
Plaintiff-appellee contends : (1) That the City failed to give notice of intention not to renew the liquor permit for 1959 as required by LSA-R.S. 26:85, 26:86; and (2) That the City has no right to revoke or deny a renewal because of a violation of its zoning laws.
In his Reasons for Judgment the trial judge held that the City did not comply with LSA 26:283 et seq., in that it failed to give the mandatory 35-day notice of its intention to reject the renewal of plaintiff-appellee’s license for the year 1959. We think the district judge was in error for the following reasons:
The pendency of suit No. 21,362 of this docket (No. 367-311 of the docket of the Civil District Court), 113 So.2d 71 now transferred to the Supreme Court, involves the “forfeiture” of plaintiff’s license for the year 1958 for violation of the City’s zoning law. The contentions of the City in that suit, and its vigorous defense therein, is a continuing notice and protest by the City that it would not renew the 1958 permit for the ensuing 1959 as long as the zoning violation continued. It would be illogical to hold that, while defending litigation to justify its forfeiture of a 1958 license, the City should be compelled, affirmatively, to notify an applicant of its refusal to renew a permit for the ensuing year. Accordingly, we hold that the continuing litigation for the forfeiture of the 1958 permit was a continuing notice of the City’s refusal to issue the 1959 license until the conclusion of the litigation on appeal.
Regarding the right of the City to revoke a license for zoning violations, the record contains ample evidence that plaintiff is presently violating the City’s zoning law governing the Vieux Carre, where the plaintiff’s place of business is located at 200 Bourbon Street, since plaintiff extended his original place of business into the adjoining property (206 Bourbon Street) where he is conducting a bar, night club and selling intoxicating liquors without proper authority.
In its reasons for rejecting plaintiff’s permit, the Board of Tax Appeals held that the use of the premises 206 Bourbon Street as a retail beverage outlet was in contravention of the Comprehensive Zoning Ordinance of the City of New Orleans and further decreed, in effect, that he could use the original premises at 200 Bourbon Street, but not as long as he was using the premises 206 Bourbon Street.
Under the provisions of LSA-R.S. 26:-89(5c), liquor permits may be suspended or revoked for the “violation of any municipal or parish ordinance enacted pursuant to the authorization of this Chapter.” LSA-R.S. 26:80, subd. A provides that: “No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.” Constitution, Article 14, Section 29, authorizes municipalities to adopt zoning laws, under which the City adopted its Comprehensive Zoning Ordinance.
*76 The judgment appealed from is annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff’s suit be, and the same is, dismissed at his cost.
Reversed.
JANVIER, J., absent, takes no part.