Baptist Church vs. Dickinson et als.

No. 13,337.

MACEDONIA BAPTIST CHURCH VS. ELIAS H. DICKINSON ET ALS.

SYLLABUS.

1. Where the evidence shows that an election takes place each year for membership in the Board of Trustees of a church; that there are no fees or emoluments attached to the office; that the value of the entire property of which the Board of Trustees would have the administration for one year would not exceed twenty-five hundred dollars, a contest as to who constitutes the members of the Board of Trustees, does not present a "matter in dispute" such as falls for its settlement within the appellate jurisdiction of the Supreme Court.

2. Where the issue between parties to a suit is not as to the rights of ownership but that "of possession", and the value of the latter right is below the amount of the Supreme Court's limit of appellate jurisdiction, an appeal taken to that court must be dismissed.

APPEAL from the Fourteenth Judicial District, Parish of Iberville—*Talbot, J.*

*Lozano & Hebert* and *Clarence S. Hebert* for Plaintiff, Appellant.

*Calvin K. Schwing* and *Moise L. Levy* for Defendants, Appellees.

The opinion of the court was delivered by

NICHOLLS, C. J. The petition in this case is stated to be the petition of the Macedonia Baptist Church, a religious corporation duly organized and existing under the laws of the State of Louisiana, appearing and represented by the duly elected and acting Board of Trustees, by Richard M. Johnson, President or Chairman; M. M. Joshua, Secretary; Alfred Broussard, Treasurer, and Howard Delago, Strong Gresham, Lec Porter, and Anthony Johnson, members.

The petition alleges that said corporation is the owner of certain described property worth the sum of twenty-five hundred dollars; that the buildings and improvements thereon, also belonging to said congregation, consist of the church and parsonage; that petitioners are in the full and complete possession of said property as the legal custodians, holding same for, and on behalf of, the Macedonia Baptist Church.

They allege that Elias H. Dickinson, John Craig, Richard Martin, Alfred Thomas, Charles Harris, Charles Williams and Westley Dean, all residents of the parish of Iberville, State of Louisiana, have forceably and illegally broken the openings of their said church, taken off the locks and replaced them by substituting locks of their own, and threatened to forcibly eject their pastor, Reverend S. D. Nance, from the parsonage, the possession of which he now holds by virtue of his office, and the will of petitioner properly expressed; that your petitioner, as in duty bound, has replaced its locks, etc., on said church, and resists the attempts of the said persons to take forcible possession of its property; that the said parties named will carry out their threat to eject its parson, and will illegally and forcibly take possession of said church and realty unless restrained by the conservatory process; that it is entitled to a writ of injunction directed to each of the defendants named, prohibiting and restraining them from in any manner interfereing with said property, or the free use thereof by the said trustees acting for and on behalf of petitioner; that it will suffer irreparable damage unless the injunction should issue.

In view of the premises it was prayed that service be made on each of the defendants named, to-wit: Elias H. Dickinson, John Craig, Richard Martin, Alfred Thomas, Charles Harris, Charles Williams and Westley Dean; that a writ of injunction issue to each of the defendants named, comanding and restraining them from in any manner interfering with said property; that after the legal delays and due proceedings had there be judgment in favor of petitioner, perpetuating the injunction prayed for.

An injunction was ordered to issue, as prayed for.

Defendants filed an exception which on their motion was referred to the merits.

Defendants answered. After pleading the general issue they specially denied that the plaintiffs, Richard Johnson, M. M. Joshua, Howard Delago, Strong Gresham, Lee Porter, and Anthony Johnson were members of the Board of Trustees of the Macedonia Baptist Church, a religious corporation.

They denied specially that they had any right or authority to institute this suit or stand in judgment therein.

They averred that they (respondents) were the legal and true trustees of the said Macedonia Baptist Church—that the writ of injunction issued herein directed to respondents was illegal and tortious and

should be dissolved, and that for the issuing of the said illegal and tortious writ they were entitled to damages against the plaintiffs in the sum of five hundred dollars for attorney's fees.

In view of the premises they prayed that after due legal proceedings, the said injunction be dissolved; that they be given judgment against plaintiffs and the sureties on the bond, Alfred Broussard, Howard Delago, Henry Dupuy, and James Morgan, for damages, in the sum of five hundred dollars, and that respondents be recognized as the rightful and legal trustees of the Macedonia Baptist Church, a religious corporation.

The District Court rendered judgment, decreeing that defendants constituted the Board of Trustees of the Macedonia Church, and ordering, adjudging and decreeing that the demand of the plaintiffs be rejected and the injunction issued be dissolved without damages.

Plaintiff appealed.

## OPINION.

Defendants moved to dismiss the appeal on the ground:—

1st. That the amount of the value of the property alleged in the petition, is immaterial to the issues involved in this case, and was a fictitious valuation alleged for the purpose of giving jurisdiction to the Supreme Court.

2nd. That the issue was between two conflicting Boards of Trustees of the Macedonia Baptist Church, and the amount involved was entirely below the jurisdiction of the Supreme Court, as no fees or emoluments of office were alleged or shown.

We are compelled to dismiss the appeal for want of jurisdiction, *ratione materiae*, whether we consider matters from the standpoint of the action being an action to determine the conflicting claims of the parties to the suit to membership in the Board of Trustees of the Macedonia Baptist Church, or of its being an injunction taken out by that church to restrain the defendants from taking illegal possession of the church property and attempting to control the use and administration thereof.

The evidence shows that an election takes place each year for membership in the Board of Trustees of the church; that there are no fees or emoluments attached to the office, and that the value of the entire church property, of which the Board of Trustees would have the administration for one year, would not exceed twenty-five hundred dollars.

Under such conditions a contest as to who constitute the members of the Board of Trustees of the Macedonia Baptist Church does not present a matter in dispute such as falls within our appellate jurisdiction for its settlement.

Viewing the action as an injunction suit against illegal acts of possession, and for possession, we find it has been several times held by this court, where the issue between the parties is not as to the ownership of property, but as to its possession, that it is the value of the "right of possession" which is involved, and not the value of the property itself, by which the jurisdiction of this court has to be determined.

It is not claimed or pretended that the value of the right of possession of the church property involved in this litigation is such as to cause this appeal to be legally passed upon by us.

Slawson vs. Maggett, 22nd Ann., 272; Harris vs. Stockett, 35th Ann., 387; Hight vs. Himel & Tallieu, 39th Ann., 113; *In re.* Genella Asking for Possession, 45th Ann., 1377; State *ex rel.* Humphreys vs. Richardson, 46th Ann., 133; Rea vs. Orleans, 46th Ann., 1444.

The appeal herein taken to this court must be, and it is, hereby, dismissed.

Rehearing refused.