No. 13,703.

ISAIAH D. NORWOOD VS. THOMAS WIMBY.

SYLLABUS.

104    645|
108    698|

MOTION TO DISMISS.

In a suit for the possession of property, the value of the possession controls in matter of jurisdiction.

The judgment was signed and appeal taken after the Constitution of 1898 had become the organic law of the State. The main demand was for less than the lower limit of the Supreme Court's jurisdiction. The reconventional demand was for an amount above that limit. The judgment rejected the main demand, and, in part, sustained the reconventional demand. The appeal was from the judgment allowing an amount on the reconventional demand. The Constitution of 1898 governs. The Court of Appeal has jurisdiction over the main demand and it follows that it also has of the reconventional demand. The appeal should have been taken to that court and not to the Supreme Court.

A question of jurisdiction *ratione materiae* may be considered at any time previous to judgment, and if the court is without jurisdiction, the case will be dismissed.

APPEAL from the Tenth Judicial District, Parish of Avoyelles— *Coco, J., ad hoc.*

---

*Isaac D. Wall* for Plaintiff, Appellant.

---

*Wm. H. Peterman, A. J. Lafargue, W. R. Howard* for Defendant, Appellee.

ON MOTION TO DISMISS THE APPEAL.

The opinion of the court was delivered by

BREAUX, J. Defendant, before this court, moves to dismiss the appeal, on the ground that this court is without jurisdiction *ratione materiae*.

The issue presented by this motion renders it necessary to make a summary of the pleadings and the facts.

Plaintiff, appellant here, asks for judgment, in his petition, decreeing him the owner of a plantation known as the Bank Place, and that the defendant be ordered to vacate and deliver the property to the petititioner. He avers in his petition that the defendant was his lessee and that by his possession deprived him of the rents and revenues of the property for the year 1897, amounting to four hundred dollars. Plaintiff also avers that the defendant agreed to buy the property and to pay six thousand dollars for it, payable in stated amounts. The vendee, Wimby, bound himself, in the event of his failure to buy and pay the first amount, to deliver possession of the place to plaintiff, Norwood, on the first of February, 1897.

He, Norwood, obtained a writ of sequestration and the property was sequestered. The defendant having failed to furnish bond to obtain the release of the property, the right was, thereafter, exercised by the plaintiff who furnished bond and went into possession of the property. The defendant, in his answer, denied the averments of the plaintiff and alleged that he was in lawful possession of the property and entitled to retain possession as lessee during the year.

In 1898 plaintiff and defendant entered into an agreement to dispose of all differences and disagreements by submitting them for decision to three amicable compounders. They failed to act. Afterwards, other compounders were appointed. They acted and found that an amount was due to the defendant on his reconventional demand. Their award, on motion of defendant's counsel, was homologated and became the judgment of the court. From the judgment, plaintiff prosecutes this appeal.

The attack on the award of the Board of Compounders as being null and the asserted illegality of their acts, is not before us for decision. We are concerned only with the question of jurisdiction. The prayer of plaintiff is broader and extends further than the allegations of his petition warrant. He alleges, in substance, that the defendant did not

become the purchaser and pay the price, and that, in consequence, he was obliged to deliver the property in accordance with the terms of the agreement. The petition does not aver that any title is claimed; the body of the petition, different from the prayer, limits the action to one for possession. The proceedings filed by plaintiff, or defendant, do not set forth any fact going to show that the ownership of the property is at all at issue between the parties. On the contrary, their troubles and differences begin with the lease and with defendant's promise to buy, and are all more or less connected therewith. All the allegations are confined to the one issue, *i. e.*, whether plaintiff was entitled to the possession he claimed. Plaintiff's claim is not one that he be decreed the owner. The defendant does not deny that he is the owner. It follows that the prayer, which can serve no purpose in the litigation, is not to be taken into account in matter of jurisdiction.

The suit being one for possession, its value, and not the value of the property, is the test of jurisdiction. State *ex rel.* Humphreys *et al.* vs. Richardson *et als.*, 46 Ann. 133; Lea vs. Orleans, *Ib.* 1444; Baptist Church vs. Dickinson, 52 Ann. 704; Immanuel Presbyterian Church vs. Riedy, 52 Ann. 1353. From that point of view, it is not contended that the amount involved is within the jurisdiction of this court.

This brings us to a consideration of the argument of plaintiff's counsel at bar in support of the position that this court has jurisdiction.

The judgment from which plaintiff appealed is dated March 26th, 1900. The order of appeal is dated June 25th, 1900. The appeal was granted, returnable to the court on the second Monday of November of the current year. On the part of plaintiff and appellant, the contention is that the provisions of the Constitution of 1898 did not govern in the matter of this appeal; that, as relates to jurisdiction, all appeals, up to July, 1900, were governed by the Constitution of 1879. We can only say, in answer: If the Court of Appeal was limited as to the time when the article in question was to go into operation, it follows that the limit would necessarily also include the Supreme Court within its terms. We do not take it that, by the most liberal construction, it is possible to arrive at the conclusion that the articles relating to the courts of appeal show an intention on the part of the convention to suspend the operative effect of Article 95 relating to jurisdiction.

The provisions of the Constitution, 1898, Article 99, ordained a time for a change in the court, as then constituted. This bore no reference to the jurisdiction of the court. One is independent of the other. The

word "constituted," as used, relates to the officers who presided over the court, and not to its jurisdiction. They were the "constituted" officers, under the prior Constitution, and remained in office by special provision after the new Constitution had been adopted. This had no reference to the court's jurisdiction, a separate matter provided for in other articles than the one making provisions for the judges to remain in office to a date named. The Article 95, conferring jurisdiction on the appellate court when it has jurisdiction of the main demand, and necessarily under the article, of the reconventional demand, must be held under the terms of the article to have become operative immediately after the adoption of the Constitution, for it contained no provision for any delay. Other articles of the Constitution are equally as silent regarding any delay on this point. All these articles considered with reference to each other, give rise to no inference that one of the articles regarding jurisdiction, that is, Article 95, was to remain inoperative for a time. As to effect, the language is as direct that it was to be operative immediately after adoption as it is in any other article of the Constitution, which went into immediate operation.

The change in matter of appeal is not one of which plaintiff can have any right to complain on the ground that it impairs his rights. Remedy may be changed if the right be not impaired. A change in matter of jurisdiction, as relates to appeal, was held to have no retrospective operation, although it conferred jurisdiction to review a decree rendered prior to the passage of the act. Sutherland on Statutory Construction, sec. 464. Cassard vs. Tracy, 52 Ann. 852.

The court being without jurisdiction, the appeal may be dismissed after three days have elapsed within which appeals may be dismissed on motion.

For reasons assigned, it is ordered, adjudged and decreed that the appeal be and it is hereby dismissed at appellant's costs.

Rehearing refused.