BREAUX, C. J.
This is a jactitation suit for alleged slander of title and for damages in the sum of $2,100.
*541 Petitioner through counsel alleged that it is the owner of ten lots in the town of Carrollton — Nos. 13 to 22, inclusive, of square Bon Bothess, plan by Surveyor General on 17th November, 1836, deposited in the office of Marks, notary public, showing front of 30 feet by 120 depth — lot 22 forming the corner of Marks and Leonidas streets, forming part of square No. 304 on the original plat, bounded by Marks, Leonidas, Joliet, and Nineteenth streets, now Pear.
The property, plaintiff further alleged, was acquired by it from the heirs of Robert Kay et al. July 9, 1910.
Petitioner further alleges that it went into possession immediately after its purchase of the lots, and avers that it always occupied the property since the date that it became the owner.
It charges that its title has been slandered by Mrs. Bernard Bellman, the defendant, who asserts title without any right thereto; that she pretends to some right under an illegal tax sale passed before Spearing, notary, on April 9, 1884; this although a suit had been decided against her for the property against R. Kay, the plaintiff’s asserted author in title. Plaintiff alleged that the value of this property was $2,700.
It prays for damages. It asks that defendant be commanded to cease slandering its title.
Should she, despite its petition, continue to claim title, then that it be ordered to file suit within the fixed time, setting forth hexpretentions in matter of title, and, if she failed to file suit, that it be decreed that plaintiff is the owner, and, further, that Mrs. Bellman is absolutely concluded from recovering any right to the property by the judgment rendered in suit (84,204, civil district court) of which we have before made mention. It asks also to be allowed the damages before stated in the sum of $2,100.
The defendant pleaded the general issue, and specially denied plaintiff’s possession of the property.
On Motion to Dismiss the Appeal.
[1] Our attention is first attracted to plaintiff’s and appellee’s motion to dismiss the appeal on the ground that the court has no jurisdiction ratione materias, for the reason that the value of the possession of the “real estate,” which was the issue raised and determined by the civil district court, did not exceed $2,000.
The plaintiff’s position is that there was no evidence in the record of the value of the possession of the property, and that value of the possession is the test, as the defendant chose to pitch its defense upon that ground.
This position cannot be sustained, for appellee asserted damages to the amount of $2,100.
Damages is an issue, an amount is claimed, and the right to recover it is denied. In addition the proceedings are the first steps toward a petitory action, and the question for decision is whether plaintiff or defendant shall have to institute suit to try title to the property?
Possession is necessary to maintain the present action.
In our opinion, this court has jurisdiction.
The motion to dismiss is overruled.