## MURFF v. LOUISIANA HIGHWAY COMMISSION.

### No. 4509.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Murff & Perkins, of Shreveport, for appellant.

L. L. Morgan, of Covington, A. S. Cain, Jr.. of New Orleans, and D. M. Ellison, of Baton Rouge, for appellee.

MILLS, Judge.

Plaintiff's application and the brief in support thereof indicates that counsel misapprehends the reason why that part of his prayer, "He further prays for judgment ordering and commanding the Louisiana Highway Commission to put in large and adequate culverts to take off said water, which should be at least three or more times as large as they now are," was dismissed as of nonsuit.

Where a mandatory order issues, it should be so clear and specific as to leave nothing to the discretion of the party commanded.

In the present case a system six miles long, consisting of bridges as well as culverts, and draining a very large territory, is involved. Who is to decide what culverts are to be enlarged and to what extent to be adequate? Would it not be better to lengthen the bridges? In fact, plaintiff in his brief suggests that he thinks the lengthening of the bridges at Cross bayou alone would afford relief. Had this been alleged and supported by proof, a different situation would have been presented.

The present case is clearly distinguishable from those cited wherein a definite obstruction was ordered removed.

A rehearing is also asked for by defendant. Both applications are refused.

Defendant, after the rendition of judgment on appeal, files a motion to dismiss the appeal for want of jurisdiction ratione materiæ. It is based upon the prayer contained in plaintiff's petition quoted above, and is supported by affidavits of engineers that any material change in the drainage outlets under the road would cost at least

$10,000, which amount of course exceeds the jurisdiction of the Court of Appeal.

For the same reason that the nonsuit was entered, to wit, the indefiniteness of the demand, the motion is not good. If the demand is so uncertain that we can afford no relief, how is it possible to determine what that relief would cost?

Furthermore, coming after judgment, where the want of jurisdiction does not appear on the face of the record, it is urged too late. Norwood v. Wimby, 104 La. 645, 29 So. 311.

The motion to dismiss the appeal is overruled.