## H. A. BAUMAN, Inc., v. TILLY.

### No. 5501.

### Court of Appeal of Louisiana. Second Circuit.

### June 30, 1937.

Dickson & Denny, of Shreveport, for appellant.

Edward Barnett, of Shreveport, for appellee.

HAMITER, Judge.

A period of almost seven years witnessed the progress of this litigation in the trial court.

The petition was filed on August 10, 1931. Therein plaintiff alleged in substance that it supervised the completion of a partially constructed building owned by defendant under an agreement that upon the finishing of the construction, the property would be sold and conveyed to plaintiff for a stipulated consideration payable in yearly installments. A further allegation was that it substantially complied with the terms of the agreement, but that defendant refused to make deed to the property. It prayed first that defendant be ordered to execute the transfer as agreed. Alternatively, and in the order here listed, it prayed for judgment in the sum of $22,000, this being for damages for breach of the contract, and represents the alleged difference between the value of the completed building and the amount expended therefor by defendant; for judgment for $1,500, being the value of services alleged to have been rendered in supervising the construction work; or for judgment recognizing it as the owner of five oscillating electric fans, or the sum of $80 therefor.

Defendant tendered an exception of no cause or right of action and a plea of res judicata. According to the minutes, the trial court, on October 24, 1931, overruled the former but sustained the latter only and in so far as the demand for specific performance was concerned.

Defendant answered on October 11, 1933, denying all allegations of the petition.

A formal judgment evidencing the court's rulings on the above-mentioned exception and plea was signed on the seventh of February, 1934.

The trial of the case on its merits was thereafter had, and on May 2, 1934, judgment was rendered in plaintiff's favor for $80. The signing of that judgment, however, did not take place until March 20, 1937. On this latter date plaintiff requested and was granted a devolutive appeal returnable to this court.

Appellee has answered in this court praying that the judgment be amended so as to entirely reject the demands of appellant. Also, there has been filed an appropriate pleading disclosing that appellee has died since the signing of the judgment and substituting the testamentary executor of his succession as a party litigant in his stead.

The appeal does not present for consideration plaintiff's demand for specific performance, for it was rejected under the judgment sustaining the plea of res judicata; and as no appeal was prosecuted within one year from its signing, the rejection has become forever barred from review. City of New Orleans v. Crescent City Railroad Co., 41 La.Ann. 904, 6 So. 719.

When the claim for specific performance passed from the case, plaintiff's first alternative demand then became the principal disputed item. This related to the damages alleged to have been suffered by plaintiff in the amount of $22,000 for breach of its contract with defendant. And when the case was submitted to the trial court for adjudication, that claim in its entirety was still in contest.

This court is not permitted appellate jurisdiction in a suit of this nature where the amount in dispute at the time the district court is given the case for decision exceeds $2,000 exclusive of interest. The appeal is for the consideration of the highest court of the state. Carlock v. Kusin (La.App.) 167 So. 459; Section 10, article 7 of the Louisiana Constitution of 1921.

Accordingly, it is ordered that the appeal in this case be transferred to the Louisiana Supreme Court pursuant to the provisions of Act No. 19 of 1912; that a period of sixty days is granted for the perfecting of the transfer, dating from the finality of · this decree; and that on failure to make the transfer within that period the appeal shall stand dismissed.