177 So. 657

**H. A. BAUMAN, Inc., v. TILLY.**

No. 34560.

Nov. 29, 1937.

Dickson & Denny, of Shreveport, for appellant.

Edward Barnett, of Shreveport, for appellee.

PONDER, Justice.

In this case the plaintiff sought specific performance on a verbal contract to sell immovable property, two lots and a building; in the alternative for damages in the amount of $22,000 for the breach of the contract; in the alternative for the sum of $1,500 for services rendered supervising the construction of the building; in the alternative that he be declared the owner of five oscillating fans valued at $16.50 each; and in the alternative for the amount of $80, being the difference in price of the fans installed in the building and the fans called for in the contract.

The defendant filed an exception of no cause of action and a plea of res adjudicata. The court rendered judgment on October 24, 1932, which was read, signed, and filed on February 7, 1932, overruling the exception of no cause of action and sustaining the plea of res adjudicata in so far as the demand for specific performance was concerned.

The case was tried on March 9, 1932, and judgment rendered on May 20, 1934, read and signed in open court March 20, 1937, in favor of the plaintiff for $80, from which judgment the plaintiff appealed devolutively to the Second Circuit Court of Appeal. 175 So. 489. The Court of Appeal transferred the case to this court, giving its reasons, viz., that plaintiff's demand for specific performance is barred, no appeal having been taken within a year from the judgment sustaining the plea of res adjudicata thereto;

that when that demand passed out of the picture it left plaintiff's alternative demand for $22,000 for breach of contract; that when the case was submitted to the lower court this demand was in contest; and that, the demand being for more than $2,000, the appeal is for the consideration of this court.

When this case was argued in this court, the counsel for the plaintiff only urged the demand for $1,500 for the services rendered and the demand touching the fans. In plaintiff's brief we find the following statements, viz.:

"The case was appealed to the Court of Appeals, Second Circuit, under the impression that all of the questions had passed out of the suit with the exception of the suit for $1,500.00. The Court of Appeals, in its written opinion, dated June 30, 1937, held that the question of damages under the contract had not passed out of the question and had the appeal transferred to the Supreme Court. * * *

"As the case now presented to this Court is merely a question of fact, therefore, as the plaintiff had made out his case beyond any doubt, there should be judgment for the plaintiff in the sum of $1,500.00 as prayed for, together with five oscillating fans or the sum of $80.00 additional. * * *

"All the cases cited in defendant's brief as to specified performance are not applicable to the present case, as this question is not before the Court. The only question before the Court being whether or not H. A. Bauman, Inc., has done the work and has proven its value."

Upon examination of the record we find that no evidence was tendered in support of plaintiff's demand for $22,000 and no adverse ruling of the court thereto. All the evidence sought to be introduced and introduced by the plaintiff on the trial of this case was in support of plaintiff's demand for $1,500 and the demands with reference to the oscillating fans. The demand for $22,000 is not urged on appeal, in fact, it would appear that the plaintiff abandoned this demand. The only dispute raised on the trial in the lower court was on plaintiff's demand for $1,500 and the demands touching the oscillating fans, being in amount less than $2,000, consequently the amount in contest when the judgment was rendered in the lower court was less than $2,000. There is nothing to review on appeal touching plaintiff's demand for $22,000 except the bare allegation in plaintiff's petition. Our appellate jurisdiction in civil suits is governed by the amount in dispute, irrespective of the amount claimed. Const.1921, art. 7, § 10. It has been consistently held by this court that in an ordinary civil suit the appellate jurisdiction is determined by the amount in contest when the judgment is rendered in the lower court. Hanover Fire Insurance Co. v. Southern Amusement Co., 176 La. 631, 146 So. 316, and the many cases cited therein.

For the reasons assigned, this case is retransferred to the Court of Appeal, Second Circuit, to be there proceeded with as if it had never been transferred to this court.

O'NIELL, C. J., concurs in the decree on the ground that the demand for damages was not made in good faith and hence was never a real issue in the case.

HIGGINS, J., absent.