35 So.2d 595

**GREEN v. GEORGE et al.**

**No. 38202.**

April 26, 1948.

Truett L. Scarborough, of Ruston, for plaintiff and appellant.

Tooke & Tooke and J. R. Goff, all of Shreveport, for defendants and appellees.

HAWTHORNE, Justice.

Plaintiff-appellant, Arch Green, instituted this jactitation or slander of title suit, alleging that he has been for more than 30 years, and is now, in actual, physical, corporeal possession as owner of a tract of land containing 40 acres, situated in the Parish of Bienville, Louisiana; that he has exercised possession of the property by living in a dwelling on the property, and by cultivating, fencing, farming, and pasturing the land, and in general exercising dominion and control over it as owner; that the acts and possession have been continuous and uninterrupted during this whole period of time, and that said acts of possession have been public and unequivocal.

The petition further alleges that the defendants, Walter L. George, J. R. Goff, J. H. Poole, Dorothy Jane George, C. E. Tooke, Sr., S. E. Mix, and Dee Vanzant, are slandering his title by claiming and asserting that they own the property or have an interest therein or in the mineral rights thereto by virtue of deeds and instruments recorded in the conveyance records of Bienville Parish, all of which are fully described in his petition.

Plaintiff prays for judgment against the defendants in solido for the full sum of $1250, $1000 of this amount as damages as a result of the defendants' allegedly slanderous acts and $250 as attorney's fees, and prays further for the usual relief sought in suits of this nature.

Defendants in their answer deny the allegations of the petition with the exception that they admit the existence and recordation of the various deeds and instruments described in plaintiff's petition, but deny that the execution and recordation of these instruments constitute slander of title against the plaintiff or any property belonging to him.

After trial on the merits the district judge dismissed plaintiff's suit at his costs, and from this judgment he has appealed to this court.

The defendants in their answer do not claim or assert title in themselves and therefore have not converted this suit into a petitory action, and title or ownership of this property is not at issue. This suit is, and remains, a suit in jactitation or slander of title. It is clearly disclosed by the pleadings themselves and by the trial of the case on its merits that the only issue is whether plaintiff has the real and actual possession as owner of a sufficient character and nature to entitle him, under

the law, to maintain a slander of title or jactitation suit.

■ The pleadings and the record as made up do not disclose that this court has appellate jurisdiction, inasmuch as the amount in dispute is not shown to be in excess of $2000, and we take cognizance of this fact ex proprio motu. Dupey v. Greffin's Executor et al., 1 Mart., N.S., 198; Lafon's Executor v. Lafon, 1 Mart., N.S., 703; Kerr v. Kerr et al., 14 La. 177; Foundation Finance Co., Inc., v. Robbins et al., La.App., 144 So. 293.

■ The action of jactitation or slander of title is founded exclusively on possession, is a form of the possessory action, and is governed by the rules thereon of the Code of Practice. See Article 46, Code of Practice; Williams' Heirs et al. v. Zengel, 117 La. 599, 42 So. 153; Miller v. Albert Hanson Lumber Co., Ltd., 134 La. 225, 63 So. 883; Brashears et al. v. Chandler, La.App., 183 So. 546.

■ It is well settled that, when possession of property is at issue, it is the value of the "right of possession," and not the value of the property, by which the jurisdiction of this court is to be determined.

"The suit being one for possession, its value, and not the value of the property, is the test of jurisdiction. * * *" Norwood v. Wimby, 104 La. 645, 29 So. 311.

" * * * we find it has been several times held by this court, where the issue between the parties is not as to the ownership of property, but as to its possession, that it is the value of the 'right of possession' which is involved, and not the value of the property itself, by which the jurisdiction of this court has to be determined." Macedonia Baptist Church v. Elias S. Dickinson et al., 52 La.Ann. 704, 27 So. 100, 101.

See also In Re Genella, 45 La.Ann. 1377, 14 So. 302, wherein it was held that, where the issue in a case is not the ownership of property but the right of possession thereof, it is the value of the right of possession and not the value of the property which determines the question of jurisdiction of the appellate court.

■ We have made a research of the jurisprudence in regard to the test of appellate jurisdiction in a jactitation suit, and we find that no definite test has been established by this court. It is possible that no definite rule can be laid down because the matter in controversy in each suit will be determined by the defendant's answer, that is, whether he denies the plaintiff's possession, or denies the slander, or sets up title in himself.

■ In the instant case, if the value of the right of possession determines the appellate jurisdiction, this court is without jurisdiction, because the value of that right is not alleged or affirmatively shown in the pleadings or by the record as made up.

If the item of damages prayed for determines the amount in controversy, the result would be the same. In Interstate Land Co., Ltd., v. Fellman, 134 La. 538, 64 So. 404, the issue was almost identical with the issue in this case. The plaintiff brought a jactitation suit for alleged slander of title and for damages. The defendant pleaded the general issue and specifically denied plaintiff's possession of the property. The court held that damages were at issue, since an amount was claimed and the right to recover it was denied. In that case damages in the amount of $2100 were prayed for, and this court overruled the motion to dismiss. In the instant case damages in the amount of $1000 and attorney's fees in the sum of $250 are claimed, and that claim is denied. But that amount, even if considered in determining jurisdiction, would not be sufficient to give this court appellate jurisdiction. If it were considered proper to add the damages prayed for to the value of the right of possession, this court still would not have jurisdiction because it is not affirmatively shown what the value of the right of possession is.

Further, even if defendants had converted the instant suit into a petitory action by asserting title in themselves without any allegation as to the value of the land, this court still would not have jurisdiction for the reason that plaintiff has alleged that the property has a value of $1000.

For the reasons assigned, this case is ordered transferred to the Court of Appeal, Second Circuit, provided that the record be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. The appellant is to pay the costs of appeal to the Supreme Court; all other costs shall abide the final disposition of the case.