**37 So.2d 712**

**WALKER et al. v. FITZGERALD et al.**

**No. 38134.**

Nov. 8, 1948.

James H. Williams, of Colfax, for plaintiffs-appellees.

Stafford & Pitts, of Alexandria, for defendants-appellants.

McCALEB, Justice.

This controversy arises out of a contract executed by plaintiffs in 1939, styled as a "mineral lease", wherein they conveyed to one Kerlin all of the sand and gravel in and under a certain tract of land in Grant Parish for a consideration of $25, plus payment of 4¢ per cubic yard for all gravel mined and removed from the property. The contract was subsequently assigned by Kerlin to the defendant; Fritzgerald, who thereafter (between 1940 and 1944) removed a large quantity of sand and gravel from the land making payment of 4¢ per cubic yard for all gravel withdrawn in accordance with the terms of the agreement. Although plaintiffs accepted these payments, they were dissatisfied with the arrangement (contending, apparently, that the amounts received by them were insufficient) and consulted an attorney for the purpose of having the contract cancelled. After certain negotiations and demands, which are unimportant to our consideration of the case, suit was filed by plaintiffs in the Eighth Judicial District Court, wherein they sought, primarily, the annulment of the agreement on the ground that it contained a potestative condition and, alternatively, a money judgment for the sum of $1,250, $1,000 of which was for timber allegedly removed or damaged by the defendant in his operation of the sand and gravel pit.

Defendant resisted by denying the existence of the alleged potestative condition and asserted that, even if it be potestative, plaintiffs were estopped from demanding an annulment of the contract as they had accepted the benefits of his operations. He further denied the charges respecting plaintiffs' alternative demand for damages.

The case was tried on these issues but, after the hearing and while the matter was under submission, plaintiffs moved for and obtained a voluntary non-suit. Shortly thereafter, they filed the present suit in the same court in which they sought an

annulment of the contract on the same ground (potestative condition) and alternatively alleged that defendant had removed 35,402 cubic yards of sand from the premises between March 1942 and September 1943; that, since March 1943, he had removed an additional number of cubic yards of sand; that the exact number of yards were unknown to them, being a matter within the peculiar knowledge of the defendant; that, therefore, they were compelled to estimate, on information and belief, that at least 30,000 cubic yards of sand had been so removed and that, consequently, defendant was indebted to them in the sum of 4¢ per cubic yard on 75,-402 (should be 65,402) cubic yards of sand, or in the full sum of $3,016.00.

In due course, the defendant answered and asserted the same defense on the main demand which had been made to the previous suit. With respect to the alternative demand, defendant denied any liability for sand removed on the ground that the contract did not provide for payment of any sum for sand removed but for gravel only. He, however, declared that, during the entire period he had been in possession, he had removed 42,000 cubic yards of sand.

Subsequently, the parties entered into a stipulation to submit the cause to the court for decision upon the pleadings filed in the case and the proof adduced in the prior action which had been dismissed as of nonsuit. They also stipulated that the value of the property involved was more than $100 but that it did not exceed $2,000. As thus submitted, the judge of the district court entered a decree rejecting plaintiffs' main demand for an annulment of the contract but gave them a judgment for the sand removed by defendant in the sum of $1,680, which represented 4¢ per cubic yard on the 42,000 cubic yards admittedly withdrawn from the premises.

Thereafter, defendant appealed to the Court of Appeal and plaintiffs answered the appeal asking that the judgment of the district court be reversed insofar as it denied an annulment of the contract. The Court of Appeal, after hearing the matter, decided that it was without appellate jurisdiction and transferred the case, on its own motion, to this court. 24 So.2d 263.

At the outset, we direct our attention to the question of jurisdiction of this appeal. Under Section 10 of Article VII of the Constitution, the appellate jurisdiction of this court in civil suits is confined to cases " * * * where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, * * *".[1]

---

[1] There are certain other civil cases specially provided for in Section 10 of Article VII of the Constitution, wherein this court is given appellate jurisdiction irrespective of the amount in dispute. The case at bar, however, does not fall

In the instant case, plaintiffs' main demand is for the annulment of a contract granting defendant the right to extract sand and gravel from a strip of land situated on a tract owned by them in Grant Parish. Therefore, since the demand is not for the recovery of money, it is the value of the right plaintiffs seek to enforce which determines appellate jurisdiction and not necessarily the value of the property involved in the suit, which is admittedly worth less than $2,000.

The Court of Appeal reasons in its opinion that, despite the fact that there is nothing contained in the pleadings or in the evidence which affirmatively shows that the value of the annulment prayed for by plaintiffs exceeds $2,000, this right is greatly in excess of that amount because, between 1940 and 1944, defendant had mined and sold 42,000 cubic yards of sand, approximately 68,000 yards of washed gravel and 33,000 yards of sand clay.

We cannot perceive that the fact that many thousand cubic yards of sand and gravel had been removed from the property during a four year period justifies the conclusion that the right presently sought to be enforced by plaintiffs exceeds $2,000. It would be more plausible, we think, to measure the value of plaintiffs'

right by using as a basis the value of the sand and gravel which they would recover in the event of success, for that method, while not conclusively establishing the value of plaintiffs' right, would exhibit the value of the thing secured by the judgment—i.e., sand and gravel worth less than $2,000. Perhaps plaintiffs' right to have this property restored to them exceeds that amount but there is nothing in either the pleadings or the record affirmatively showing that this is the case. It is well settled that, in the absence of such showing, this court is without jurisdiction.[2] See Green v. George, 213 La. 739, 35 So.2d 595 and cases there cited.

Nor do we think that we have appellate jurisdiction because plaintiff requested, in the alternative demand, recovery of $3,016, or 4¢ per cubic yard on approximately 75,000 cubic yards of sand. This demand, by plaintiffs' tacit concession, was reduced to $1,680, or 4¢ per cubic yard on 42,000 cubic yards, prior to the time the case was submitted to the judge for his decision. It is the well-settled jurisprudence that appellate jurisdiction in a given case is to be tested by the amount in dispute at the time the judgment is rendered in the court of original jurisdiction. Hence, a payment made or a remit-

within any of these exceptions and, therefore, we do not have appellate jurisdiction unless the amount in controversy exceeds $2,000.

[2] In such case, the Court of Appeal has appellate jurisdiction under Section 29 of Article VII of the Constitution, providing that its jurisdiction shall extend to all cases " * * * of which the Supreme Court is not given jurisdiction, * * * ".

titur entered "or an admission of a part of the debt sued for, before the case is submitted to the court of original jurisdiction for decision, has the same effect upon the question of appellate jurisdiction as if the amount paid or remitted, or the amount of the debt admitted, had never been sued for." See State v. Cook, 197 La. 1027, 3 So.2d 114, 117 and the numerous cases therein cited.

Applying the foregoing law to the case at bar, it becomes clear that the matter in contest on the alternative demand at the time the case was submitted to the judge for decision was whether plaintiffs were entitled to judgment for 4¢ per yard on 42,000 cubic yards of sand ($1,680) and not whether they were entitled to judgment for $3,016, as originally claimed in their petition. The allegation contained in the petition that defendant had extracted 75,000 cubic yards of sand was confessedly speculative as this allegation was preceded by the averment that the number of yards of sand removed by the defendant was unknown to plaintiffs " * * * such being within the peculiar knowledge of the defendant * * * ". Obviously, then, when the defendant admitted in his answer that he had removed 42,000 cubic yards of sand (for which he denied liability to plaintiffs for royalties under the contract) and plaintiffs stipulated to submit the matter on the pleadings, they accepted, tacitly at least, that amount as the basis for their recovery and must be held to have abandoned any idea of recovering a sum in excess thereof. Accordingly, the sum originally claimed was reduced to $1,680, or to an amount not within our appellate jurisdiction—for, as was said by the court in State v. Cook, supra:

 " * * * if any issue or contest which is essential to give the Supreme Court appellate jurisdiction over the case in which the issue or contest was presented is eliminated before the case is submitted to the court of original jurisdiction for decision, the Supreme Court will not have appellate jurisdiction over the case."[3]

For the reasons given, the case is ordered transferred to the Court of Appeal, Second Circuit, provided that the record is filed in that court within thirty days from the date on which this decree shall become final; otherwise, the appeal shall be dismissed. The taxing of any and all costs incurred by appellant in lodging the appeal in this court in compliance with the judgment of the Court of Appeal and the costs incurred by appellant in having the case transferred to the Court of Appeal, as

---

[3] For other cases involving admissions which had the effect of reducing the amount in controversy to a sum not within the jurisdiction of this court, see Chickasaw Wood Products Co. v. Vail-Donaldson Co., 173 La. 59, 136 So. 87 and H. A. Bauman, Inc., v. Tilly, 188 La. 531, 177 So. 657.

herein·ordered, is to await final decision of the case on its merits, after which these costs are to be assessed against the party cast.