REID, Judge.
This is a companion case to Nos. 6140, 164 So.2d 84 and 5888, 164 So.2d 99, involving land on Timbalier Island, Terre-bonne Parish, Louisiana, all of which cases were based upon actions of jactitation and are before this Court on the question of possession. This case is on appeal by the plaintiffs from a judgment of the District Court maintaining exceptions of want of possession. All the facts and issues which were common to all three cases were discussed in detail in case No. 6140 and reference is made to that opinion herein.
The present suit involves Lots 1 and 2 of Section 3, T 24 S, R 20 E, Southwestern Land District of Louisiana, located on Tim-balier Island, all of which is shown on a stipulation map filed in the record in suit No. 6140, copy of which is attached to this Court’s opinion in that suit.
Exceptions of want of possession were filed on behalf of some of the defendants but not on behalf of all of the defendants. Exceptions of improper cumulation of actions were not filed in this suit as were filed in Nos. 6140 and 5888, and consequently the plaintiffs did not in this suit file an election to proceed under an action of jactitation as was done in the other two cases. However, the trial Court treated this case as if all parties had filed exceptions of want of possession.
On May 17, 1961, the Trial Court, for written reasons assigned, rendered judgment against the plaintiffs as follows:
“For the written reasons assigned this day, which show that plaintiffs elected to proceed with their Action in Jactitation;
“It is ordered, adjudged and decreed that the exception of lack of sufficient possession to prosecute the Action in Jactitation be and it is hereby maintained, and accordingly,
“It is ordered, adjudged and decreed that there be judgment in favor of defendants, Robert J. Walker, et al, and against the plaintiffs, Eugene D. Brous-sard, et al., denying and dismissing the demands of the latter at their costs.”
It is from that judgment that this appeal has been taken.
As in the companion cases, the plaintiffs’ claim of possession has two main sources, one, as lessors to persons who carried on cattle grazing over a period of years, and two, as lessors of persons who carried on *97 drilling operations for minerals in more recent times.
In regard to plaintiffs’ cattle grazing operations the Trial Judge held that the cattle grazing was insufficient to sustain an action of jactitation. This was discussed in detail in our opinion in suit No. 6140 and so it is not necessary to go into the same here and for the reasons set forth in that case it is the opinion of this Court that the plaintiffs have failed to show sufficient possession through cattle operations to warrant the maintenance of their action.
In regard to mineral operations, the plaintiffs in this case were unable to show any actual physical possession in regard to the land in question but were relying on actual mineral operations on the tracts at issue in cases No. 6140 and No. 5888, basing their argument on the proposition that as they had leased to Tidewater Oil Company the lands involved in cases No. 6140 and No. 5888, as well as property involved in No. 16542 on the docket of the 17th Judicial District Court (in which latter case the plaintiffs signed a consent judgment) and the property in suit No. 17522 (in which plaintiffs later took a voluntary non-suit, conceding that they had not shown sufficient possession to maintain the action) said properties were contiguous and, therefore, the possession they had on Section 5 and on Lot 3 of Section 4 would be sufficient possession in regard to the property herein under the theory that possession of part was possession of the whole.
The defendants argued in this regard that as can be seen from the stipulation map above referred to, even if they conceded plaintiffs had possession of Section 5 and Lot 3 of Section 4, when plaintiffs abandoned their claims to Lot 4 of Section 4 and Lots 1 and 2, Section 3, which lots lie between the properties in question, the properties were no longer contiguous and, therefore, the doctrine of possession of part is possession of the whole would not apply. However, it will not be necessary to go into this point in view of this Court’s holding that in the companion cases the plaintiffs had failed to show possession of those lots in question.
As plaintiffs failed to show any actual and physical possession by mineral operations on the property in question here and in view of this Court’s holding in regard to plaintiffs’ cattle operations, it is the opinion of this Court that plaintiffs have not shown the possession necessary to maintain an action in jactitation.
A further issue raised by the plaintiffs in this appeal deals with a procedural matter. Not all of the defendants in this action filed exceptions of want of possession and in regard to those defendants the plaintiffs take the position that the defendants waived the issue of possession and admitted plaintiffs’ possession for the purpose of their jactitation suit. The plaintiffs argue that as Mrs. Mary Dashiel had donated all of her interest in the property in question to a Mrs. Mary Taylor who did not file an exception, none of the actual landowners had filed an exception, the only exceptions having been filed by a former landowner, Mrs. Mary Dashiel, and by the mineral lessee, The Texas Company, and seems to imply that the exceptions of want of possession filed by those parties were, therefore, improper.
There is no question but what in an action of jactitation the question of possession should be tried in limine. LSA-R.S. 13:5063 provides:
“Whenever in any action of jactitation or slander of title any defendant desires to raise as a defense lack of sufficient possession of the property involved therein by the plaintiff or plaintiffs to institute and prosecute such action, or failure of the plaintiff or plaintiffs’ petition to allege sufficient possession of the property involved therein by the plaintiff or plaintiffs, to institute and prosecute such action, such defendant shall raise and plead all such *98 defenses by means of and in an exception or exceptions filed in limine litis.” [1]
There is no question but what some of the defendants herein failed to file an exception of want of possession. In answer to this argument the defendants contend that plaintiffs’ petition, as set forth in No. 6140, was an attempt to cumulate in one action an action of jactitation based on claimed possession, an action to establish title as if neither party was in possession, a declaratory judgment proceeding and a petitory action. Defendants allege that it was not necessary for them to treat the suit as an action of jactitation and in fact the case had not been tried on the question of possession of one year in order to maintain a jactitation action, but had been tried on alleged possession of 30 years in order to establish prescriptive title in the plaintiffs if as a matter of law a record valid legal title is lacking, and accordingly, their pleadings were appropriate and the provisions of LSA-R.S. 13:5063 which relate strictly to an action of jactitation were not applicable.
Regardless of the procedural requirements for trying an action of jactitation, it is clear, as the record bears out, that this case was treated by all parties as a trial of the issue of possession in connection with an action of jactitation. At the pre-trial conference held February 7, 1958, it was ordered that all cases, including the case at issue, be consolidated for the purpose of trial as to the issue of possession only, without prejudice to any party to assert any right or defense other than possession in each of the individual proceedings and it was further reserved to those defendants who filed exceptions of want of possession the full benefit of said exceptions, whether or not the same was tried in limine litis. Again, at the time of the trial this matter was brought up and the trial Judge repeatedly stated the sole issue before the Court was possession relative to an action of jactitation and said: “Evidence of possession is involved here. The Broussards in order to justify their action have to attempt to establish possession and in order to justify, to maintain the exception, the other parties have to show a want of possession * * When asked by an attorney for plaintiffs:
“This position taken during this hearing will be confined to possession relative to the action in jactitation?
The Trial Judge answered:
“Yes sir. That’s the only thought I feel I have clear in my mind, that this was a jactitation suit, the first issue would be possession, so we are going to take up possession and later on in the individual suits take up whatever other issues may be raised or that might be pertinent to the matter.”
Counsel for the defendants herein who had not filed an exception of want of possession stated at the commencement of the trial that they had not filed an exception of want of possession, but had filed an answer in which they denied possession, and had filed alternative defenses and it was their opinion that this case would be tried before another division of that Court, and they wanted to be sure this case had been consolidated and would be tried with the other cases. They further stated that in connection with the trial on the merits they wanted to be in a position to go into the matter of possession at that time and wanted to know the ground rules. In answer to counsel the Court stated that at the pretrial conference it had been decided to try the question of possession. At no time, either at the pre-trial conference or at the trial, did counsel for plaintiffs raise any issue as to the failure of the defendants to file exceptions of want of possession or to the consolidation of the case here with cases wherein they had elected to proceed under their action of jactitation, or to any *99 of the ground rules laid down by the Trial Court prior to the actual trial of the case. Also, there are innumerable minute entries referring to the fact that all of the consolidated cases were before the Court on the trial of the issue of possession.
It is the opinion of this Court that while it is true that there is confusion as to the procedural method in which this case was tried in regard to possession, it is clear that all parties knew and acquiesced in the manner in which it was tried, and that was as an issue of possession raised in limine by exceptions of want of possession. In view of this fact the plaintiffs cannot at this stage in the proceedings urge a procedural exception which they acquiesced in during the entire trial and any rights which they might have had in this regard certainly were waived.
For the foregoing reasons the judgment of the Lower Court is affirmed.
Affirmed.

. LSA-R.S. 13:5064 provides: “The defenses provided in R..S. 13:5063, not filed in limine litis upon joinder of issue in the action, shall be considered waived.”