REID, Judge.
This is a companion case to Nos. 6140, 164 So.2d 84 and 5889, 164 So.2d 95 involving land on Timbalier Island, Terre-bonne Parish, Louisiana, all of which cases are based upon actions of jactitation and *100 are before this Court on the question of possession. This case is on appeal by the plaintiffs from a judgment of the District Court maintaining exceptions of want of possession. All of the facts and issues which were common to all three cases were discussed in detail in suit No. 6140 and reference is made to that opinion herein.
The present suit involves Lot 3, Section 4, T 24 S, R 20 E, Southwestern Land District of Louisiana, located on Timbalier Island, all of which is shown on the stipulation map filed in the record in suit No. 6140, copy of which is attached to this Court’s opinion in that suit.
Exceptions of want of possession and of improper cumulation of actions were filed on behalf of the defendants and as a result of the latter exception the plaintiffs filed an election to proceed under the jactitation action.
This case and Nos. 6140 and 5889, together with No. 16542 and No. 17522 on the docket of the 17th Judicial District Court, not before this court on appeal, were all consolidated for trial on the question of possession.
On May 17, 1961, for written reasons assigned, the Trial Court rendered judgment against the plaintiffs as follows:
“For written reasons assigned this day, which show that plaintiffs elected to proceed with their Action in Jactitation;
“It is ordered, adjudged and decreed that the exception of lack of sufficient possession to prosecute the Action in Jactitation be and it is hereby maintained, and accordingly,
“It is ordered, adjudged and decreed that there be judgment in favor of defendants, Clarissa Elizabeth Wisner, at al, and against the plaintiffs, Eugene D. Broussard, et al., denying and dismissing the demands of the latter at their costs.”
It is from that judgment that plaintiffs have appealed.
As in the companion cases, plaintiffs’ claim of possession has two main sources, one as lessors to persons who carried on cattle grazing over a period of years and the other as lessors of persons who carried on drilling operations for minerals in more recent years.
In regard to plaintiffs’ cattle operations the Trial Judge held that the cattle grazing was insufficient to sustain an action of jactitation, and as set forth in our opinion in suit No. 6140, this Court is in agreement with that finding.
The acts of possession which the plaintiffs allege in connection with their mineral operations are the dredging of a canal by Tidewater Oil Company as mineral lessee of plaintiffs on Lot 3, Section 4, some time around April 7, 1956, the spudding in of a well on April 30, 1956, the completion of the well as a producing well on June 8, 1956, the construction of oil storage tanks by Tidewater in July of 1956, the dredging of a canal by Tidewater for the drilling of a second well commencing October 15, 1956, the drilling of the second well January 5, 1957, and completion of said well as a producing oil well February 12, 1957. Plaintiffs allege all of these operations were done by Tidewater Oil Company under a lease from plaintiffs. It is apparent only one of the above alleged acts of possession, that is, the dredging of the canal on or about April 7, 1956, was done more than one year preceding the filing of this action on April 24, 1957.
The defendants urge two defenses to the claims of plaintiffs, namely: (1) Adverse possession by dredging of a canal across Lot 3 by The Texas Company. Verbal permission was given by Louisiana Land & Exploration Company the latter part of 1955, prior to the canal dredging by plaintiffs, for the digging of a canal for use by The Texas Company in order to reach the location of the Viguere No. 1 Well situated on Lot 10, Section 3. The permit was originally verbally granted, but on December 12, 1955 a formal act was entered into between *101 the parties. In June of 1956 an extension of this canal into Lot 2, Section 4, was made to permit the drilling of the Texas Co. — Tidewater Oil Co.- — Broussard—Viguerie No. 1 Well, and in February 1957 the canal was further extended to reach the Viguerie No. 2 Well, all of which is shown on the stipulation map referred to. (2) The filing of the suit of Robert W. O’Meara, et al. v. Edwin S. Broussard, et al., No. 17183 on the docket of the 17th Judicial District Court, No. 5858 before this Court, wherein Robert W. O’Meara, as lessee of a third group of claimants, the Wisner heirs, brought suit against the plaintiffs herein and others, including the defendant Louisiana Land & Exploration Company, asserting a claim of title to the property, had the effect of interrupting and disturbing plaintiffs’ possession.
Therefore, the basic issue in this case is whether or not the plaintiffs’ act of dredging the canal, followed by the spudding and drilling of the wells, served as exclusive possession, in view of the previous possession by canal digging exercised by The Texas Company under lease from Louisiana Land & Exploration Company which was abandoned and later used in connection with other drilling operations by the defendant The Texas Company, and if so, would this possession have been interrupted by the filing of the O’Meara suit. The Trial Court held it was not necessary for it to pass on the question of the conflicting claims for actual possession by canal digging and instead based its decision upon the alleged interruption of possession by the filing of the O’Meara suit. It is apparent from reading the Trial Court’s written reasons for judgment that the Trial Judge accepted the argument advanced by the defendants-ap-pellees that the character of possession necessary for an act of jactitation is identical to the character of possession required for acquisitive prescription and pursuant to Articles 3516 and 3518 that prescription was interrupted by the citation of the possessor to appear before a competent court “on account either of the ownership or of the possession.” The Trial Judge said:
“We are unable to discern any difference, either in theory or in fact, between the possession required to establish a prescriptive title and that required to support an action in Jactitation.
“But let us put aside for the moment the theoretical aspects and view the factual situation and its potential consequences. They are: (a) the Tidewater act in early April, 1956, that was a prelude to the action in jactitation evidenced by suit No. 17,519; (b) the filing of Suit No. 17,183 on October 19, 1956, seeking the eviction of Tidewater; and (c) the filing of suit No. 17,519 on April 24, 1957.
“At the time Suit No. 17,183 was filed in October, 1956, the plaintiffs in Suit No. 17,519 had not yet acquired the possession necessary to support the Action in Jactitation. If No. 17,183 had been pursued to an expeditous conclusion, then, if it had merit, the occasion for the filing of Suit No. 17,519 would never have arisen. It is evident from the consolidation of these proceedings for the purpose of trial, that Suit No. 17,183 is before us for adjudication. It seems to us to be equally evident that any adjudication must relate and date back to the time of the filing of the said suit on October 19, 1956, a time which precedes by six months the filing of Suit No. 17,519 and the acquisition of the possession necessary to support it. Thus, Suit No. 17,183 takes precedence over Suit No. 17,519, and such precedence works in fact, if not in theory, an interruption of such Action in Jactitation.”
This case was brought prior to the adoption of the new Louisiana Code of Civil Procedure. An action of jactitation founded on possession and in the nature of a pos-sessory action was at the time this suit was filed governed by Louisiana Code of Practice Arts. 46, 47 and 49.
*102 In this Court’s opinion rendered in suit No. 6140, we said the following concerning the action of jactitation:
“Under the settled jurisprudence an action of jactitation is a form of the possessory action. In Green v. George 213 La. 739, 35 So.2d 595, the Supreme Court of Louisiana said:
“ ‘The action of jactitation or slander of title is founded exclusively on possession, is a form of the possessory action, and is governed by the rules thereon of the Code of Practice. See Article 46, Code of Practice; Williams’ Heirs et al. v. Zengel, 117 La. 599, 42 So. 153; Miller v. Albert Hanson Lumber Co., Ltd., 134 La. 225, 63 So. 883; Brashcars et al. v. Chandler, La.App., 183 So. 546.’
“It is also true that upon a denial of the plaintiffs’ possession, the burden of proof to establish possession for the time required by law falls upon the plaintiff. See Hill v. Richey, 221 La. 402, 59 So.2d 434; Buckley v. Dumond, 156 So. 784 (La.App.) ; Bossier Enterprises, Inc. v. Carbone, 66 So.2d 521 (La.App.)
“As held in Case v. Jeanerette Lumber & Shingle Co., La.App., 79 So.2d 650, the type of possession required of a plaintiff in a possessory or jactitation action is identical in nature to the possession required as the foundations of prescriptive title. See also Ellis v. Prevost, 13 La. 230 (1839), revd. 19 La. 251 (1841), and is the same sort of physical and corporeal possession required for the commencement of running of acquisitive prescription.”
Practice Code of Louisiana Art. 46 provides that the possessory action may be brought by the possessor of real estate while Art. 47 provides that the possessors entitled to bring the action are those who possess as owners. Subparagraph 2 of Article 49 of the Louisiana Code of Practice provides:
“2. That he should have had that possession quietly and without interruption, by virtue of one of the titles prescribed in the forty-seventh article, for more than a year previous to his being disturbed; provided the possession of less than one year be sufficient, in case the possessor should have been evicted by force or by fraud.”
Thus, a possessory action may be brought by one who possesses real estate as owner and whose possession is undisturbed for more than a year.
As stated above, under the jurisprudence of this State possession necessary to support a possessory action is the same as that necessary to support a plea of acquisitive prescription. In this regard both Article 3487 of the LSA-Civil Code (dealing with 10 years prescription) and Article 3500 (dealing with 30 years prescription) requires that possession must be continuous and uninterrupted, public and unequivocal. Articles 3516, 3517, and 3518 of the LSA-Civil Code deal with the causes which interrupt prescription and read as follows:
“Art. 3516. There are two modes of interrupting prescription; that is, by a natural interruption, or by a legal interruption.”
“Art. 3517. A natural interruption is said to take place when the possessor is deprived of the possession of the thing during more than a year, either by the ancient proprietor or even by a third person.”
“Art. 3518. A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.”
The Trial Court as stated in the Reasons for Judgment set forth above held that Ar- *103 tide 3518 of the LSA-Civil Code applied equally to an interruption of prescription and of possession.
The plaintiffs argue that Article 3518 does not apply to the interruption of possession because it deals with prescription and is found under the Article dealing with prescription and is found under the Article of the Civil Code dealing with possession and since these Articles do not especially refer to interruption of possession, they cannot be authority for the interruption of possession. Plaintiffs further allege the one year possession required to maintain an action of jactitation is not the possession necessary to acquire a prescriptive title in that such possession is not a manner of acquiring ownership of property.
However, this Court in view of the established jurisprudence to the effect that the possession necessary to maintain a posses-sory action or jactitation action is the same as required as a foundation for prescriptive titles, does not find merit in plaintiffs’ posi-' tion that Article 3518 applies only to prescription and not to possession.
In the case of Borne v. La Terre Company, 222 F.2d 453, the Fifth Circuit Court of Appeal held that the filing of an injunction suit had interrupted possession so as to prevent the accrual of 30 years acquisitive prescription, thus holding contrary to plaintiffs’ position that possession is not interrupted by the filing of a suit under the authority of LSA-C.C. Art. 3518. In this case the possessor, the plaintiff, had been cited to appear before court on account of both the ownership and possession of the land as both ownership and possession of the land in question was at issue in the O’Meara case. Therefore, the possession of the plaintiff was interrupted before the plaintiff had this possession quietly for more than a year.
It is therefore the opinion of this Court that the Trial Court was correct in its holding that plaintiffs’ possession had been interrupted and did not have sufficient possession to maintain this action of jactitation.
In view of this holding it is not necessary for this Court to go into the question of relative possession shown by various parties in connection with the canal dredging operations.
However, it should be pointed out that although there is no direct testimony in the record as to whether the use of the canal originally dug by the Texas Company across Lot 3 in 1955 was continuous, the stipulation map shows that a continuation of this canal was made in June, 1956 into Lot 2 of Section 4 and in February of 1957 the canal was again extended to the site of the Texas Company-Viguerie No. 2 Well, all of which indicate a continued use by the defendant, Texas Company, of the canal which crosses Lot 3, the area in question in this suit, and cast great doubt on plaintiffs’ contention that they had exclusive actual physical possession of the land in question.
For the above and foregoing reasons the Judgment of the Trial Court is affirmed.
Affirmed.